UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUWAN MITCHELL, | |
| Plaintiff, | CIVIL ACTION NO. 3:25-cv-00042 |
| v. | (SAPORITO, J.) |
| J. STAVOLA, *et al.*, | |
| Defendants. | |

## MEMORANDUM

Plaintiff Juwan Mitchell has filed a complaint (Doc. 16) alleging that she[1] was attacked by several officers at SCI-Benner Township in June 2024. Pursuant to 28 U.S.C. § 1915, the Court will grant Mitchell leave to proceed *in forma pauperis* and permit her to proceed on Eighth Amendment excessive force claims against four of the five defendants. The Court will deny Mitchell's request for appointment of counsel without prejudice.

I. BACKGROUND

The Court received Mitchell's signed complaint (Doc. 16) on April 1,

---

[1] In another complaint recently filed in this district, Mitchell indicates that she is transgender and uses female pronouns. *See Mitchell v. Confer et al.*, No. 3:25-cv-00216 (M. D. Pa. filed Feb. 4, 2025).

2024, after her previous submission (Doc. 1) was unsigned. In the operative complaint, Mitchell alleges as follows: On June 18, 2024, she was placed in the Restricted Housing Unit at SCI-Benner Township, and later taken to a Psychiatric Observation Cell for evaluation. On that date, defendants Capt. J. Stavola, CO1 McGary, CO1 Durst, and Lt. Tyson allegedly went to [Mitchell's] cell and "said 'when we come back we are going to bat[2] the hell out of you.'" "Minutes later," they allegedly "came back and did that very thing." The officers allegedly "slammed" Mitchell into "solid objects," including a door post made of solid metal, and punched her several times. Mitchell also states that these officers "denied [her] medical care, a grievance, hygiene products, and deliberately threatened [her] repeatedly."

Mitchell asserts Eighth Amendment claims, a First Amendment claim based on the denial of access to a grievance process, and a Fourteenth Amendment equal protection claim. She asserts that she has suffered "physical, mental, [and] emotional injury," and seeks unspecified monetary relief.

---

[2] Mitchell wrote the word "bat," although it is possible from the context that she intended to write "beat." *See* (Doc. 16 at 4).

## II. LEGAL STANDARDS

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it is "frivolous" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *id.* § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1); *see generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards).

The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Brodzki v. Tribune Co.*, 481 Fed. App'x 705, 706 (3d Cir. 2012) (per curiam); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks*, 568 F. Supp. 2d at 588. "Under Rule 12(b)(6), a

motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).

Mitchell seeks damages under 42 U.S.C. § 1983. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

> Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a Section 1983 claim, a plaintiff must establish that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). To avoid dismissal for failure to state a claim, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Further, "[c]ivil rights claims cannot be premised on a theory of *respondeat superior*. Rather, each named defendant must be shown . . . to have been personally involved in the events or occurrences which underlie a claim." *Millbrook v. United States*, 8 F. Supp. 3d 601, 613 (M.D. Pa. 2014) (citation omitted). As explained by the Third Circuit Court of Appeals:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

III. DISCUSSION

The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992). A claim premised on excessive force against a prisoner turns on whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Banks v. Meck*, 531 F. App'x 205, 207 (3d Cir. 2013) (quoting *Hudson*, 503 U.S. at 7).

Here, Mitchell asserts plausible excessive force claims against Stavola, McGary, Durst, and Tyson, but states no other viable Eighth Amendment claim. There is no separate claim based on the defendants' threatening remarks, because "[i]t is well settled that verbal harassment of a prisoner . . . does not violate the Eighth Amendment." *See Robinson v. Taylor*, 204 F. App'x 155, 156 (3d Cir. 2006) (listing cases). Because the Eighth Amendment protects only against the denial of "the minimal civilized measure of life's necessities," the alleged denial of unspecified "hygiene products," without further explanation, does not itself support a claim. *See, e.g., Jones v. Wetzel*, 737 F. App'x 61, 64 (3d Cir. 2018).

Similarly, the allegation that defendants "denied [her] medical care" does not itself support a claim of deliberate indifference to a serious medical need, without some explanation of how defendants were responsible for her medical care or what they did to prevent her from obtaining it. *See Bell*, 550 U.S. at 545 ("[A] plaintiff's obligation to provide the grounds of [her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.") (quotation marks omitted).

Nor does Mitchell state a First or Fourteenth Amendment claim. While the First Amendment protects against retaliation for grievances already filed, it does not require prison officials to provide a grievance process. *See, e.g., Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005). Therefore, Mitchell's allegation that defendants denied her "a grievance" is insufficient. Finally, Mitchell asserts an equal protection claim, but does not allege that she was treated differently from "similarly situated" persons, as required for such a claim. *See Bradley v. United States*, 299 F.3d 197, 206 (3d Cir. 2002).

## IV. APPOINTMENT OF COUNSEL

Mitchell moves for appointment of counsel. (Doc. 6). A prisoner has

no constitutional or statutory right to appointed counsel in a civil case. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Under the *in forma pauperis* statute, however, a federal court may request that an attorney represent an indigent person on a pro bono basis. *See* 28 U.S.C. § 1915(e)(1); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The court's appointment of volunteer counsel is discretionary and must be made on a case-by-case basis. *Tabron*, 6 F.3d at 157-58.

The appointment of pro bono counsel to represent an indigent civil litigant "is usually only granted upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). "As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 498-99. If the plaintiff overcomes this threshold hurdle, the court considers the following factors:

> 1. the plaintiff's ability to present his or her own case;

    2. the difficulty of the particular legal issues;

    3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

    4. the plaintiff's capacity to retain counsel on his or her own behalf;

    5. the extent to which a case is likely to turn on credibility determinations, and;

    6. whether the case will require testimony from expert witnesses.

*Id.* at 499 (citing *Tabron*, 6 F.3d at 155-57).

Assuming for purposes of the motion that the case has arguable merit in fact and law, the Court finds that appointment of volunteer counsel is not warranted at this stage. Mitchell's motion focuses entirely on her financial status[3] and does not speak to her ability to present her case or undertake a factual investigation. *See* (Doc. 13). At this stage, it is not clear what the disputed issues will be, or whether the case will involve conflicting or expert testimony. To the extent these details become apparent later in the litigation, the Court will consider a renewed motion for appointment of counsel. However, at this early stage, Mitchell has not

---

[3] Mitchell will be permitted to proceed *in forma pauperis*, so it is presumed that she cannot retain counsel on her own. *See Woodham v. Sayre Borough Police Dep't*, 191 F. App'x 111, 116 (3d Cir. 2006).

shown that this is a "special circumstance" justifying appointed counsel. *Smith-Bey*, 741 F.2d at 26.

## V. CONCLUSION

Mitchell will be granted leave to proceed on Eighth Amendment excessive force claims against Stavola, McGary, Durst, and Tyson. An appropriate order follows.

Dated: April 15, 2025      *s/Joseph F. Saporito, Jr.*
                           JOSEPH F. SAPORITO, JR.
                           United States District Judge